UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 25-CR-77 (RC) |
| | ) | |
| JAMES FABER | ) | |

### DEFENDANT'S EMERGENCY APPEAL OF
### THE MAGISTRATE COURT'S ORDER DETAINING MR. FABER PENDING
### DECISION ON RULE 5 TRANSFER

Defendant James Faber, by and through counsel, respectfully requests that the this Court overturn the detention order issued by the Magistrate Judge in the District of Massachusetts on March 28, 2025, as it takes, under advisement, the decision of whether to release Mr. Faber so that he may report to this Court for his Initial Appearance in this jurisdiction. In support of this Motion, counsel states the following.

**Procedural History**

James Faber, a support engineer from Massachusetts with no prior record, has been charged with possession of a firearm in a Capitol building, in violation of 40 U.S.C § 5104(e)(1)(A), for allegedly possessing a firearm on the grounds of the U.S. Capitol on January 21, 2025. Mr. Faber had completed a 12 pm tour of the Capitol. He was walking towards his car, parked east of the Capitol building, with his key fob in hand when police officers stopped him and found a 9mm handgun in a holster on his person. The firearm was registered in Massachusetts and Mr. Faber possessed a license to carry the firearm in Massachusetts.

1

Mr. Faber was arrested and initially taken to the Psychiatric Institute of Washington to ensure that he did not present a harm to himself. On February 12, 2025, after his release, the U.S. Attorney's Office brought charges in D.C. Superior Court for Carrying A Pistol Without a License. *United States v. James Faber*, 2025 CF2 1468. Exhibit A. On February 28, 2025, Mr. Faber was released in Superior Court with the condition that he stay away from the District, wear a GPS monitor, not possess firearms, and to follow specific mental health conditions.[1]

On March 20, 2025, the U.S. Attorney's Office presented charges to the federal grand jury in the District of Columbia. Mr. Faber was charged with the one count in the indictment before this Court. Unlawful Possession of a Firearm on Capitol Grounds carries a maximum sentence of five years and has a guideline range of 0 to 6 months for individuals with no criminal history like Mr. Faber, even without acceptance of responsibility.

Mr. Faber returned to Massachusetts and was perfectly compliant for nearly four weeks. He returned to his parents' home, checked in with his probation officer and fulfilled all of his obligations. He maintained the medication that he had been prescribed at the Psychiatric Institute of Washington, set up an appointment with the psychiatrist and met with him.

Despite that compliance, despite his check-ins with his Massachusetts probation officer, despite the fact that he is on location monitoring and despite the availability of a summons system, the U.S. Attorney's Office apparently requested

---

[1] Counsel understands that Mr. Faber served approximately 17 days at the D.C. Jail.

2

the execution of an arrest warrant and an the warrant was executed at the Faber's home on March 24, 2025. Mr. Faber was arrested and brought for an initial appearance in the District of Massachusetts for a Rule 5 proceeding. The U.S. Attorney's Office requested detention and Mr. Faber requested release. Exhibit C. Mr. Faber proposed that he be released into the third-party custody of his parents so that they could accompany him to the District of Columbia for his initial appearance here. U.S. Probation in the District of Massachusetts *recommended* release pending his initial hearing in D.C. Exhibit C. To this date, the Magistrate Court has not ruled on the Motion for Detention.[2] Mr. Faber remains held without bond during this indefinite period.

Counsel now asks this Honorable Court to review the Magistrate Court's order to detain Mr. Faber pending its decision, or in the alternative, to treat the Court's failure to rule in a timely manner as a denial of the government's Motion, or in the alternative, treat the Court's failure to rule in a timely manner as a granting of the government's Motion and to treat this Motion as an Emergency Appeal of the Magistrate Court's Ruling. *See United States v. David Lit*, 23-mj-216 (GMH) (Chief Judge Boasberg finding that appeal of magistrate court decision is only properly brought before the District Court of the original prosecuting jurisdiction).

## Argument

**The Court cannot find that no conditions or combination of conditions could not reasonably assure the Court that Mr. Faber would appear in the District of Columbia.**

---

[2] Counsel has been advised that magistrate judges can take weeks to rule on a Rule 5 detention decision in the District of Massachusetts.

To begin, the Court already has a record from which to decide that Mr. Faber is a candidate from release. Since his arrest, his 21-day stay in the Psychiatric Institute of Washington, his stabilization period with medication and his reintroduction to his parents' home, Mr. Faber has been entirely compliant. Given this record, the Court simply cannot determine that there are no conditions or combination of conditions that can reasonably assure the safety of the community, and certainly cannot do so by the weighty clear and convincing evidence standard.

The Bail Reform Act "requires consideration of factors to be considered, particularly the nature and circumstances of the offense; the weight of the evidence; the history and characteristics of the person, including his character, family ties, employment, length of residence in the community, community ties, past conduct, criminal history, and record of court appearances; and the danger that defendant poses to the community if released." *United States v. Xulam*, 84 F,3d 441, 442 (D.C. Cir. 1996). Mr. Faber is charged with a non-violent offense that appears to have a Base Offense Level of 7. U.S.S.G. §2K2.5 (base offense level of 7).

Mr. Faber asks that this Court reviews the Motion for Release filed by his Massachusetts attorney and will not repeat the facts therein. Exhibit B. To summarize, Mr. Faber has never before been in trouble. He has and still attends mass every Sunday. In his youth, he was the captain of his hockey team. In college, he earned a bachelor's degree in mechanical engineering and then a master's degree in business administration. He then worked as a support engineer. Now, as a twenty eight year old, he lives with his family and helps take care of his special needs sister,

4

brushing her teeth and taking walks with her every day. His mental health struggles have only been apparent to him and his family for a short time, but he has been diligently attending treatment and taking his medication for the past few months.

This offense is a possessory offense that does not trigger a rebuttable presumption for detention. Congress has decided that carrying a firearm or even an explosive device into the Capitol still presumes that the defendant be released. And the nature and circumstances of this offense do not weigh in favor of detention. Even as alleged, Mr. Faber had already left the Capitol, was walking towards his car with his keys in hand when he was stopped by police. The gun was safely holstered when he was stopped and he did not run or try to toss the firerarm. Moreover, he had a license to carry a firearm and his firearm was registered. And as previously stated, his compliance record while on release and his demonstrated mental health stability can reasonably assure the Court of the safety of the community.

Recently, in *United States v. Adrian Hinton*, 25-cr-26 (APM), Magistrate Judge Harvey released an individual who was accused of lighting what the government described as a "napalm mixture" on top of a car on Capitol grounds near a group of people gathered for Jimmy Carter's memorial viewing. Magistrate Judge Harvey declined the government's request citing Chief Judge Boasberg's decision in *United States v. Nesmith*, 20-cr-156, a case where an individual was released after tossing a Molotov cocktail at an occupied unmarked police car.

Finally, the government warns about the dangers of an individual bringing a firearm into the Capitol during a peaceful tour without the slightest sense of irony.

The same administration that has charged this case has pardoned John Banuelos (pictured below), Mark Mazza, Christopher Alberts, Mark Ibrahim and Mario Mares.



## Conclusion

For all of the reasons stated in this Motion and in the attached Motion for Release from Custody, as well as the accompanying exhibits, Mr. Faber respectfully requests that this Court order that Mr. Faber immediately be released into the third-party custody of his parents to be brought to the District for his Initial Appearance before this Court.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


/s/
_____

Eugene Ohm
Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington, DC 20004
(202) 208-7500